JIREH SWIFT, JR. & others *vs.* DANIEL BENNETT.

It is a question of fact for the jury, whether certain articles furnished a minor were under the circumstances necessary for him.

A minor is liable for money paid at his request by the plaintiff to a third person for necessaries furnished him.

The books of account and testimony of such third person are admissible to prove the character of the articles furnished to the minor.

ASSUMPSIT on an account annexed, and on the money counts.

In addition to the general issue, the defendant pleaded infancy. At the trial in the court of common pleas, the plaintiffs offered evidence that Jireh Swift, Jr. and four other persons, were owners, and Swift & Allen were agents, of the Ship Tacitus; that in the summer of the year 1844, the defendant contracted to go on a whaling voyage in said ship, in the capacity of boat steerer; that O. H. P. Brown & Co. furnished the defendant with the usual and necessary outfit of clothing for such a voyage, and received therefor the following order: " New Bedford, June 25, 1844. Agent and owners of ship Tacitus. Six months from date, for value received, pay O. H. P. Brown & Co., or order, seventy-five dollars, and charge the same to account. DANIEL BENNETT."

This order was presented, and paid by the plaintiffs at its maturity, to O. H. P. Brown & Co.

On the part of the defendant, it was proved that at the time he was furnished with his outfit, and the date of the order, and its payment, he was an infant. The plaintiffs claimed to recover on the ground that the articles furnished were necessaries. The defendant's counsel objected to the introduction, by the plaintiffs, of the books of account of O. H. P. Brown & Co., and to the testimony of William H. Wrightington, one of the firm of O. H. P. Brown & Co., which were offered for the purpose of proving that necessary articles of clothing were furnished to the defendant, and paid for by the plaintiffs at his request, and contended that such evidence was inadmissible to maintain the money counts in

the writ. But the judge overruled the objection, and admitted the evidence. The defendant also contended that an infant, living with his mother, if the father was dead, could not bind himself even by a contract for necessaries. But the judge instructed the jury that if the goods furnished by O. H. P. Brown & Co. were necessary clothing for the defendant on his intended voyage, and that the defendant gave an order on the plaintiffs in payment therefor, which order was subsequently accepted and paid by the plaintiffs, the plaintiffs could maintain their action on the count for money laid out and expended by them at the defendant's request for necessaries furnished to him.

The jury returned a verdict for the plaintiffs. And to the foregoing rulings the defendant excepted.

*C. J. Holmes*, for the defendant.

*L. F. Brigham*, for the plaintiffs.

Bigelow, J. The first objection relied on by the defendant is, that he is not liable in this action because, at the time the articles in question were furnished to him, he had his home with his mother, who made suitable provision for his maintenance. But we think this question is not open upon this bill of exceptions. One of the important elements which always enters into an inquiry as to an infant's liability for necessaries is, whether he had a parent or guardian able and willing to support him. If he had, then there can have been no necessity for the supplies furnished him, and his responsibility therefore must fail. But this is always a question of fact, and in the present case it was properly submitted to the jury, under the instruction from the court, which required them to find whether the articles furnished were necessary clothing for the defendant. This involved the inquiry of the mother's ability and willingness to support her son. The defendant is, therefore, concluded on this point by the verdict of the jury.

The next objection urged by the defendant proceeds on a misconception of the ground of the plaintiffs' action. The suit is not brought upon the order or draft of the defendant, which was accepted and paid by the plaintiffs. They do not

37 *

seek to charge him as drawer of this order. The action is brought to recover money paid, laid out, and expended by the plaintiffs at the defendant's request, for necessaries furnished to him. The order is introduced only as evidence of the request and of the amount furnished and paid for by the plaintiffs. The gist of the defendant's liability in this action is the payment of money, by the plaintiffs, at his request, for necessaries. We suppose the rule to be well settled, that an infant is liable to an action at the suit of a person advancing money to a third party to pay for necessaries furnished to the infant, but that he is not liable for money supplied to him, to be by him expended, although it may actually be laid out for necessaries. The reason for this distinction is, that in the latter case the contract arises upon the lending, and that the law will not support contracts which are to depend for their validity upon a subsequent contingency. 20 Amer. Jur. 281 283 ; Macpherson on Inf. 506 ; *Ellis* v. *Ellis*, 5 Mod. 368 *Earle* v. *Peale*, 1 Salk. 387 ; 10 Mod. 67 ; *Rearsley & Cuffer's Case*, Godb. 219. So, too, it has been held that if one who is surety on a note given by an infant for necessaries, pays the money, the infant is liable to him in an action for reimbursement. *Conn* v. *Coburn*, 7 N. Hamp. 368. The present case seems very clearly to fall within the principle recognized and established in these decisions, by which an infant is held liable for money advanced to pay for necessaries furnished to him. The transaction between the parties was equivalent to an advancement by the plaintiffs to Brown & Co. to pay for the articles furnished by them to the defendant. The goods were, in fact, not sold by Brown & Co. to the defendant, on his credit, but they were delivered to him on the credit of the plaintiffs. Brown & Co. were, in a certain sense, the agents of the plaintiffs in supplying the defendant with the goods. The dealing between the parties was tantamount to an agreement between them, that Brown & Co. should furnish necessaries to the defendant for which the plaintiffs were to pay. It does not, therefore, come within the rule that money lent to an infant, to be expended by him in the purchase of necessaries, cannot be recovered. It is the payment, by the plaintiffs, of

money to a third person, for necessaries supplied to the defendant, for which an action may well be maintained against him.

The objection to the testimony of Wrightington, one of the firm of Brown & Co., and to the introduction of the books of the firm in evidence, cannot be supported. It being necessary for the plaintiffs to show the character of the articles furnished by the defendant, this evidence was original and competent proof thereof. 1 Greenl. Ev. §§ 115, 116; *Earle* v. *Reed,* 10 Met. 387, 391. *Rindge* v. *Breck,* ante, 43.

*Exceptions overruled.*